**Loren E. THOMPSON, d/b/a Parkersburg Die and Tool Company, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 7869.

United States Court of Appeals Fourth Circuit.

Argued June 24, 1959.

Decided June 25, 1959.

tions are * * * sold * * * as medicines and not for the purpose of evading the intentions and provisions of this subpart * * *."

Lawrence M. Ronning and Robert Evans Stealey, Parkersburg, W. Va. (Ronning & Bailey, and McCluer, Davis, McDougle, Stealey & Morris, Parkersburg, W. Va., on brief), for appellant.

Albert M. Morgan, U. S. Atty., Morgantown, W. Va. (Robert J. Schleuss, Asst. U. S. Atty., Fairmont, W. Va., on brief), for appellee.

Before SOBELOFF, Chief Judge, HAYNSWORTH, Circuit Judge, and THOMSEN, District Judge.

PER CURIAM.

No question of law is presented by this appeal. Though the controlling law is federal, rather than state as assumed below,[1] there is no apparent difference in the governing rules. The sole question is whether the facts require an inference that the United States waived the defaults of its contractor with respect to the contract involved in count 1 of the complaint. That may have been a permissible inference, but the facts as found and recited in the opinion of the

1. United States v. Allegheny County, 322 U.S. 174, 183, 64 S.Ct. 908, 88 L.Ed. 1209; S.R.A., Inc. v. State of Minnesota, 327 U.S. 558, 564, 66 S.Ct. 749, 90 L. Ed. 851.

District Court[2] do not require it. The factual question was settled by the findings of the District Court which we must accept.

Affirmed.